UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SUSAN M. SANSONE,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:20-CV-16-JPK |
| | ) |
| LOUIS DEJOY,<br>POSTMASTER GENERAL,[1]<br>　　　Defendant. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Second Partial Motion to Dismiss or, in the Alternative, for Summary Judgment [DE 30], filed by the Defendant Postmaster General, and Plaintiff's Motion to Strike Evidence Outside the Pleadings Offered in Defendant's Motion to Dismiss [DE 34], filed by Plaintiff Susan M. Sansone. The parties having consented to the jurisdiction of a magistrate judge (ECF No. 44), this Court has jurisdiction to decide both motions pursuant to 28 U.S.C. § 636(c). For the reasons explained below, Defendant's Second Partial Motion to Dismiss or for Summary Judgment [DE 30] is denied without prejudice, and Plaintiff's Motion to Strike [DE 34] is denied as moot.

## BACKGROUND

Plaintiff originally filed this action on January 14, 2020, alleging Title VII age and gender discrimination (Count I) and retaliation and retaliatory termination (Count II) against her former employer, the United States Post Office (USPS). (ECF No. 1). Defendant responded with a motion to dismiss, or for summary judgment, as to the gender, disparate treatment, and termination claims. (ECF No. 17). Specifically, Defendant argued that Plaintiff's underlying

---

[1] United States Postmaster General Louis DeJoy is substituted as Defendant for his predecessor Meagan J. Brennan, pursuant to Fed. R. Civ. P. 25(d).

charge in the Equal Employment Opportunity Commission (EEOC) alleged only a hostile work environment claim based on age and retaliation, and thus failed to administratively exhaust her other claims. (ECF Nos. 17-18).

Plaintiff responded to Defendant's first motion to dismiss or for summary judgment with an Amended Complaint again asserting Title VII claims for age and gender discrimination (Count I) and retaliation and retaliatory termination (Count II), with the following additional allegations: that Plaintiff was terminated about three months after filing her EEOC complaint; that her termination "was retaliation for her previous EEO activity and is reasonably related to and arises out of her already filed discrimination complaint against the USPS and thus did not need to be separately presented to an EEO counselor"; and that "Plaintiff reasonably relied upon the administrative proceedings related to her EEO complaint and expected the termination was so related." (ECF No. 25, ¶¶ 35-36).[2] Plaintiff also alleged additional respects in which Defendant's male and younger employees were treated more favorably than Plaintiff in terms of scheduling time off, escaping reprimand, work location and hours, and promotion. (*Id*. at ¶¶ 24-30).

Defendant responded to Plaintiff's Amended Complaint with the instant partial motion to dismiss or for summary judgment. (ECF No. 30). This motion again argues that Plaintiff failed to administratively exhaust her gender discrimination, disparate treatment, and retaliatory termination claims because her underlying EEOC charge was limited to a hostile work environment claim, and because Plaintiff further failed to seek EEOC counseling within 45 days of her termination as required to exhaust her retaliatory termination claim. (*Id*.; ECF No. 31, at 1,

---

[2] Plaintiff initially filed an unsigned Amended Complaint on August 18, 2020 (ECF No. 24) and then filed a signed version two days later (ECF No. 25). Although Plaintiff did not seek leave to file a corrected version, as there appear to be no other differences between the two and no objection to the second filing, the Court deems the signed version of Plaintiff's Amended Complaint (ECF No. 25) filed, and thus the operative complaint referenced herein.

9-15). Plaintiff's Response to this motion disputes that her EEOC charge was so limited, and argues it also alleged "that she was treated less favorably than male peers and younger female peers" sufficiently to support the age and gender disparate treatment claims in her Amended Complaint. (ECF No. 35, at 3). The parties also dispute whether Plaintiff sufficiently exhausted her termination claim during the EEOC proceedings, and whether Seventh Circuit precedent requires exhaustion of a termination claim based on retaliation for EEOC activity, in any event. (P's Response at 2-4; D's Reply at 1-6, ECF No. 36). Relatedly, Plaintiff seeks to strike the exhibits and declarations provided in support of Defendant's motion, arguing they are extraneous materials improper to consider on a motion to dismiss, "incomplete and inconclusive," "out of context," and "insufficient to enable a rational determination of a summary judgment motion" before Plaintiff has had an opportunity to conduct discovery regarding the scope of proceedings in the EEOC. (ECF No. 34, at 2).[3] The Court addresses each of these arguments, in turn.

## ANALYSIS

**I.      Plaintiff's Age and Gender-Based Disparate Treatment Claims**

"Generally, a plaintiff may not bring claims under Title VII that were not originally included in the charges made to the EEOC." *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011) (quoting *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003)). As both sides acknowledge, however, an EEOC charge is deemed to include not only the claims that are explicitly alleged, but also those "reasonably related" to those allegations. (D's Mem. at 14, ECF No. 31; P's Resp. at 2, ECF No. 35). "Even a charge that is not explicit in an employee's complaint will be deemed exhausted 'if the current claim reasonably could have developed from the EEOC's

---

[3] Without objection, the Court granted Defendant's motion to stay formal discovery pending a ruling on its motion to dismiss or for summary judgment. (ECF No. 43).

3

investigation of the charges before it,' meaning that 'the EEOC charge and the complaint must describe the same conduct and implicate the same individuals.'" *Delgado v. Merit Sys. Prot. Bd.*, 880 F.3d 913, 926 (7th Cir. 2018) (quoting *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005)); *Moore*, 641 F.3d at 256-57 (same); *Sitar*, 344 F.3d at 726 ("claims that are 'like or reasonably related' to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges . . . may also be brought"). The Court must therefore determine whether Plaintiff's age and gender-based disparate treatment claims could "reasonably be expected to grow out of" the EEOC investigation her underlying charge, and thus, whether they "describe the same conduct and implicate the same individuals." *Delgado*, 880 F.3d at 926; *Moore*, 641 F.3d at 256-57.

Defendant disputes that Plaintiff's age-based disparate treatment claim is so related to her EEOC charge because the charge asserted a hostile work environment claim, and (according to Defendant) "discrimination charges are not reasonably related to hostile work environment charges." (D's Mem. at 15, ECF No. 31). But the Court must construe the scope of an EEOC charge liberally, bearing in mind that a layperson such as Plaintiff "need not include in her charge every fact that, individually or in combination, forms the basis of a subsequent lawsuit's claims." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015). And as other courts have recognized, while a disparate treatment claim is certainly distinct, an EEOC charge and investigation of a hostile work environment claim may nevertheless support a disparate treatment claim that is factually similar.[4]

---

[4] *See*, *e.g.*, *Hubbard v. M&K Truck Ctrs.*, No. 18-cv-8343, 2020 WL 7027607, at *5-6 (N.D. Ill. Nov. 30, 2020) (rejecting defendant's argument "that a sex discrimination claim is not 'reasonably related' to a hostile work environment claim" and finding hostile work environment EEOC charge reasonably related to sex discrimination claim even though "not directly captured by it"); *Young-Gooch v. Wilkie*, No. 15 C 11609, 2018 WL 4409391, at *5 (N.D. Ill. Sept. 17, 2018) ("Although questionable whether Young-Gooch was specific in tying the claims of disparate treatment in her Complaint to her EEO charge, the Court nonetheless applies a liberal construction and deems her claims exhausted. Her age discrimination claim is 'like or reasonably related to' the administrative charges because

4

Defendant correctly points out that the Seventh Circuit has previously found in at least one case that a disparate treatment EEOC charge was not reasonably related to a later hostile work environment claim. (ECF No. 31 at, 15 (citing *Cheek v. Peabody Coal Co.*, 97 F.3d 200 (7th Cir. 1996)). However, the Seventh Circuit stressed in that case that the EEOC charge did not "in any way advert" to the later hostile work environment claim, and neither that claim nor "even its seeds" was raised before the EEOC. *Cheek*, 97 F.3d at 202-03. And the Seventh Circuit acknowledged that a plaintiff may pursue claims not "explicitly included in an EEOC complaint" when their allegations "fall within the scope of the earlier charges," with courts looking at whether the current allegations are "like or reasonably related to" the EEOC charge and "reasonably could have developed from the EEOC's investigation of the charges before it." *Id*.

Here, the parties' exhibits show that Plaintiff's EEOC charge alleged age-based discrimination (ECF No. 25-2, at 1; ECF No. 31-7, at 1), and the EEOC investigated her allegations that at least one younger employee (Ms. Stephanie Rogers) was treated more favorably than Plaintiff by their supervisor (Ms. Barbara Kleutsch) in terms of scheduling time off and receiving reprimands. (ECF No. 25-2 at 2; ECF No. 25-3, at 18, 20; ECF No. 25-4, at 15). Plaintiff's current age-based disparate treatment claim implicates similar facts and individuals. (*See* ECF No. 25 ¶¶ 13, 23, 28 (alleging same supervisor Kleutsch and preferential treatment of younger employee Rogers)). Thus, construing Plaintiff's EEOC charge liberally as the Court is required to do, and based on the current limited record at this early stage of the litigation, the Court must conclude that Plaintiff's age-based disparate treatment claim is reasonably related to her EEOC charge. The Court therefore denies Defendant's motion to dismiss that claim,

---

her allegations in the Complaint track the events, adverse actions, and circumstances outlined in her EEO charge; namely, unfair shift rotations, changes in performance appraisals, and issues with her work schedule.").

but without prejudice to raise its exhaustion defense in a later summary judgment motion on a full record after discovery.

The Court reaches the same conclusion regarding Plaintiff's gender-based disparate treatment claim. Although Plaintiff's EEOC charge did not explicitly allege gender-based discrimination, it did complain of a male employee (Edmundo Ayala) treated more favorably than Plaintiff in terms of scheduling time off, work location, and potentially insubordinate behavior, and the EEOC correspondingly investigated those allegations. (ECF No. 25-2, at 1-2; ECF No. 25-3, at 19; ECF No. 25-4, at 7-8, 14). The parties' exhibits also indicate that Mr. Ayala and Plaintiff were of similar ages (ECF No. 25-3, at 6, 19), suggesting that Plaintiff may have attributed his alleged preferential treatment to gender; and Defendant's Exhibits refer to a July 2019 EEOC Decision (which neither party has provided) that suggests the EEOC investigation may have encompassed a sex discrimination claim. (*See* ECF No. 31-11, at 1 (finding Plaintiff "failed to establish that the incidents complained of were based on retaliation, age, or sex")).

Once again, Plaintiff's gender-based disparate treatment claim implicates similar facts. (*See* ECF No. 25, ¶¶ 24, 27 (alleging preferential treatment of male employee Ayala)). The Court is also mindful of Plaintiff's argument that the administrative record currently before the Court is incomplete, and "the significance of statements in the investigation and hearings of Ms. Sansone before the EEO depend upon contextual information that is presently unavailable to Plaintiff." (ECF No. 34, at 2). Thus, considering the early stage of these proceedings, and according Plaintiff's EEOC charge the liberal construction it is due, the Court concludes that Plaintiff's current gender-based disparate treatment claim is also reasonably related to Plaintiff's EEOC charge. But again, Defendant's motion to dismiss that claim is denied without prejudice to raise its exhaustion defense in a later summary judgment motion on a full record after discovery.

## II.     Plaintiff's Retaliatory Termination Claim

Plaintiff's retaliatory termination claim raises a slightly different issue. Because Plaintiff was terminated on May 30, 2017, four days after the investigation of her EEOC charge was completed and delivered to Plaintiff, Defendant reasons that the charge and investigation cannot be reasonably related to a termination that had not yet occurred. (ECF No. 36, at 2, 6). Rather, Defendant argues, Plaintiff was required to lodge a separate, timely EEOC charge regarding her termination by first seeking EEO counseling within 45 days of the event. (*Id.* at 5; ECF No. 31, at 1, 9-10). Assuming Plaintiff did not do so, Defendant maintains she failed to administratively exhaust her retaliatory termination claim, and any effort to do so now would be untimely. (ECF No. 31 at 1, 9-10; ECF No. 36, at 5).

Plaintiff responds with two arguments, one factual and one legal. On the factual front, Plaintiff claims she did contact the EEOC about her termination and was told it would be included in the case then pending. (ECF No. 35, at 2-3). Plaintiff's Amended Complaint similarly alleges that she "reasonably relied upon the administrative proceedings related to her EEO complaint and expected the termination was so related." (ECF No. 25, ¶ 37). According to Plaintiff, any failure by the EEOC to counsel her as required should not be "held against her," and her "claim to have told the EEO must be allowed to be litigated and not decided by a dispositive motion." (ECF No. 35, at 2-3). Defendant counters with a Declaration identifying documents that purport to list all of Plaintiff's contacts to the EEOC (at least through recommended channels), which omit any contact within the 45-day period following Plaintiff's termination. (ECF No. 31, at 6 (citing ECF Nos. 31-6 and 31-15); ECF No. 36, at 2). But Defendant's Memorandum and Exhibits also confirm that Plaintiff similarly claimed during an EEOC status conference with the presiding Administrative Law Judge "that she had contacted Independent Contract EEO Complaints Investigator Therese

7

Powers after she was terminated/removed and was informed that her removal would become part of" her original EEOC case. (ECF No. 31, at 4 (citing ECF No. 31-1)). Although Defendant complains that Plaintiff "has not alleged when and how she contacted the Independent Contract EEO Complaints Investigator" (ECF No. 36, at 1-2), the Court is unable to resolve this factual dispute on a motion to dismiss or for summary judgment on the limited record now before it. That alone warrants denial of Defendant's motion, but again, without prejudice to raise the issue in a subsequent summary judgment motion on a full record after discovery.

Plaintiff's legal argument is also persuasive. Regardless of whether she sought EEOC counseling regarding her termination or otherwise effectively exhausted her retaliatory termination claim, Plaintiff maintains she was not required to exhaust that claim in any event, because "an employee is not required to file a separate EEOC charge alleging retaliation when the retaliation occurs in response to the filing of the original EEOC charge." (ECF No. 35, at 2 (quoting *Gawley v. Ind. Univ.*, 276 F.3d 301, 314 n.8 (7th Cir. 2001)). Plaintiff notes "the suspicious timing of the termination which occurred just three (3) months after she filed her EEO complaint" (*id.*), and her Amended Complaint alleges the termination "was retaliation for her previous EEO activity and is reasonably related to and arises out of her already filed discrimination complaint against the USPS." (ECF No. 25, ¶ 36). Thus, according to Plaintiff, her retaliatory termination claim falls within the foregoing exception for later-filed retaliation claims to the usual exhaustion requirement, "and thus did not need to be separately presented to an EEO counselor." (*Id.*).

Defendant acknowledges this "exception for later-filed retaliation claims" and its "policy-driven" purpose "to avoid needless, repetitious procedure." (ECF No. 36, at 5). Nevertheless, Defendant questions its continuing vitality after the Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). According to Defendant, "circuits have split

8

over whether *Morgan*, which is 'emphatic that each discrete discriminatory act starts a new clock for filing charges,' abrogated the exception." (ECF No. 36, at 5 (internal quotation marks and ellipses omitted, quoting *Horton v. Jackson*, 343 F.3d 897, 899-900 (7th Cir. 2003)). Cutting against Defendant's arguments, however, the authorities it cites acknowledge the continuing vitality of the exhaustion exception for later-filed retaliation claims that are sufficiently related to an exhausted EEOC charge. For instance, the Seventh Circuit's decision in *Horton* recognized that *Morgan* was "principally about the continuing violation doctrine," not the exhaustion exception, but found the exception inapplicable because the exhausted claim at issue arose from different facts. *Horton*, 343 F.3d 899-901. And the Court's own research found additional cases making the same point. *See*, *e.g.*, *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) (acknowledging viability of later-retaliation exception after *Morgan* for claims "so related and intertwined in time, people and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the Act" (quoting *Kristufek v. Hussmann Foodservice Co.*, 985 F.2d 364, 368 (7th Cir.1993)); *Loparco v. Vill. of Richton Park*, No. 08 C 2747, 2008 WL 4696071, at *2 (N.D. Ill. Oct. 22, 2008) (same, quoting *Sitar*).

*Kruger v. Principi*, 420 F. Supp. 2d 896 (N.D. Ill. 2006), similarly acknowledged continuing application of the exception since *Morgan*, though it was factually inapplicable there as well, because there was "not enough of a factual relationship between the claims to find that they [were] reasonably related." *Id.* at 907 (noting that earlier Seventh Circuit case law applying the exception "appears to be good law," and its application since *Morgan* in *Eruteya v. City of Chi.*, No. 04 C 1482, 2005 WL 563213, at *4 (N.D. Ill. Mar. 9, 2005)). Here, by contrast, Defendant acknowledges that Plaintiff's retaliatory termination claim involves the same supervisor (Barbara Kleutsch) against whom Plaintiff alleged retaliation and discrimination in

9

the EEOC. (ECF No. 36, at 6; *see also* ECF No. 25, ¶ 13; ECF No. 25-3, at 6-8, 10-13). And as Plaintiff argues, the timing of her termination (three months after her EEOC charge) arguably links it to her prior EEOC activity. *See Renner v. Halex/Scott Fetzer Co.*, No. 1:10-cv-017, 2010 WL 1506547, at *4 (N.D. Ind. Apr. 14, 2010) (acknowledging vitality of exception since *Morgan*, and finding it "quite easy to conclude" that allegedly retaliatory termination six weeks after EEOC charge was "similar or reasonably related": "the timing of these events alone suggests that the termination naturally 'grew out' of the allegations in the charge").

*Fentress v. Potter*, No. 09 C 2231, 2012 WL 1577504 (N.D. Ill. May 3, 2012), is even less helpful to Defendant. Noting that the Seventh Circuit's post-*Morgan* decision in *Horton* "favorably cited the exception," *Fentress* likewise concluded that it "remains valid" after *Morgan*, and found this "to be the unanimous view of district judges within the Seventh Circuit." *Id.* at *2 (collecting decisions applying exception since *Morgan*). As importantly, *Fentress* also rejected the argument made by the Defendant USPS (there and here) that a later retaliation claim "does not fit within the exception" if the alleged retaliatory conduct occurs substantially *after* the exhausted EEOC charge (there, two years after). 2012 WL 1577504, at *3. As *Fentress* explained, "the Seventh Circuit precedents recognizing the exception do not hint at the existence of an exception to the exception for circumstances where the alleged retaliation occurs well after the administrative charge claimed to have prompted the retaliation." *Id.* Indeed, at least one district court has reasoned that the Supreme Court's decision in *Morgan* did not address such post-charge retaliation claims (only acts that occurred more than 300 days *before* the EEOC charge), and therefore poses no bar to the exhaustion exception in such circumstances. *See*, *e.g.*, *Spellman v. Seymour Tubing, Inc.*, No. 4:06-cv-0013, 2007 WL 1141961, at *2-3 (S.D. Ind. Apr. 12, 2007) (observing that *Morgan* "considered only discriminatory and retaliatory acts that occurred more than 300 days *before* the plaintiff filed

10

an EEOC charge. In that way, *Morgan* differs significantly from the case at hand, where Spellman seeks to- litigate a retaliatory act that occurred after she filed her EEOC complaint. . . . Likewise, Title VII plaintiffs in this circuit have continued to litigate unexhausted retaliation claims that arose after the original EEOC claim was filed.") (citing *Horton* and collecting district court decisions applying later-retaliation exhaustion exception post-*Morgan*).

Considering these authorities, Defendant USPS' opposition to the exhaustion exception for alleged post-charge retaliatory conduct is rejected here as well. Given that, and the factual dispute surrounding Plaintiff's alleged contact to the EEOC regarding her termination, Defendant's motion to dismiss or for summary judgment on Plaintiff's retaliatory termination claim is also denied. And while that latter factual ruling is again without prejudice, the Court notes that the above comments regarding the exhaustion exception would likely apply to any subsequent dispositive motion regarding this claim, although any additional argument on the issue will be considered.

### III.    Plaintiff's Motion to Strike

With the denial of Defendant's motion to dismiss or for summary judgment, it is unnecessary to consider Plaintiff's Motion to Strike (ECF No. 34) in detail. To the extent Plaintiff argues that Defendant's motion to dismiss improperly relies on materials extraneous to the Amended Complaint, the Court has already acknowledged the need for a more robust record after discovery to resolve the exhaustion issue raised in that motion. The same is true of Defendant's summary judgment request, though it is certainly not improper to submit materials and declarations extraneous to a complaint when seeking summary judgment. Accordingly, as the Court has already denied Defendant's motion, Plaintiff's Motion to Strike the materials provided in support of that motion is denied as moot, and Defendant remains free to cite the same and/or other materials in support of a later motion raising similar issues.

11

## **CONCLUSION**

For the foregoing reasons, Defendant's Second Partial Motion to Dismiss or for Summary Judgment [DE 30] is DENIED WITHOUT PREJUDICE, and Plaintiff's Motion to Strike [DE 34] is DENIED AS MOOT.

So ORDERED this 8th day of February, 2021.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
